IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM L. JOHNSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 3:07-0979 |
| | ) | Judge Trauger/Bryant |
| METROPOLITAN GOVERNMENT OF | ) | |
| NASHVILLE and DAVIDSON COUNTY, | ) | |
| et al., | ) | **CONSOLIDATED WITH:** |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| KEITH M. HOLLEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 3:08-0031 |
| | ) | Judge Trauger/Bryant |
| METROPOLITAN GOVERNMENT OF | ) | |
| NASHVILLE and DAVIDSON COUNTY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiffs have filed their motion to compel (Docket Entry No. 114), seeking an order compelling defendant Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro") to respond properly to plaintiffs' Rule 30(b)(6) deposition request. Specifically, plaintiffs assert that the witness designated by Metro to testify at deposition lacked the knowledge to "testify about information known or reasonably available to the organization" regarding certain topics listed in the deposition notice.

Defendant Metro has not responded to this motion.

For the reasons stated below, plaintiffs' motion to compel is **GRANTED**.

Rule 30(b)(6) of the Federal Rules of Civil Procedure permits a party to serve upon a corporation, partnership, governmental agency or other entity a deposition notice listing particular matters as topics for examination. The named organization is required to designate a witness, or witnesses, to testify on its behalf regarding the described topics. While it is not necessary that the designated witnesses possess direct personal knowledge of the deposition topics, the rule does require that "[t]he persons designated must testify about information known or reasonably available to the organization." Therefore, the rule imposes a duty on the organization to provide to its designated witnesses the information known or reasonably available to the organization so the witness will be able to answer questions at the deposition.

It appears from plaintiffs' motion papers that defendant Metro designated Deputy Police Chief Michael Steven Anderson to testify in response to plaintiffs' Rule 30(b)(6) deposition notice, and that he was deposed on August 28, 2009. Plaintiffs complain that Deputy Chief Anderson professed a lack of knowledge in response to questions about several of the deposition topics, and they assert that Metro failed in its duty to designate a witness able to testify "about information known or reasonably available to" Metro.

2

Unless the undersigned Magistrate Judge has somehow overlooked it, it does not appear that plaintiffs have filed a copy of their deposition notice in the record. Nevertheless, in their motion (Docket Entry No. 114) they list by number several topics, presumably quoted from their Rule 30(b)(6) deposition notice.

Deposition topics numbered 2, 3, 4, 5 and 6 related generally to the employment by Metro of CWH Research, Inc., which apparently is a consulting firm specializing in personnel management. In Metro's defense, Deputy Chief Anderson was not totally unaware of the circumstances of CWH Research's employment. He testified that "CWH was retained as a consultant to advise were the [promotion] policies being presented and put forward consistent with best practices across the nation as CWH knew them to be." (Docket Entry No. 114-1, p. 8). Deputy Chief Anderson also testified that CWH was employed to "conduct[] a promotional testing system to give written tests to the candidates, to conduct an assessment center for the finalists, and to present the results of that test to Metropolitan Department of Human Resources." (Docket Entry No. 114-1, p. 6). Deputy Chief Anderson testified that CWH was chosen by a panel that evaluated proposals from competing vendors, but that he did not know exactly why the panel chose CWH over competing vendors. (Docket Entry No. 114-1, pp. 3-4).

Deposition topics numbered 7 and 8 related to complaints that minorities were underrepresented in MNPD promotions and "decisions and/or statements made by Metropolitan Government to create a police workforce that mirrored the community in terms of race" during the years 2005-06. Deputy Chief Anderson testified

3

that he had a general awareness that representatives of the Black Peace Officers organization, on behalf of its members, periodically urged that more African-American officers should be promoted, but otherwise Deputy Chief Allen professed a lack of knowledge of formal complaints. Likewise, Deputy Chief Allen was unaware of decisions or statements by Metro regarding the creation of a MNPD workforce that mirrored the racial makeup of the community.

Deposition topics numbered 9, 10, 11 and 12 related to the reasons that prompted Metro to seek to revise its MNPD promotion policy for sergeants and lieutenants in 2006, and, specifically, whether a desire to increase the number of promotions of African-American and female officers was a reason. Deputy Chief Anderson lacked information to answer questions on these topics.

Finally, Deputy Chief Anderson did not know about deposition topic number 13, "[w]hat was the promotional system developed by CWH and did it include anonymous surveys?"

Following a review of plaintiffs' motion and the supplied excerpts of Deputy Chief Anderson, the undersigned Magistrate Judge finds that plaintiffs' motion to compel should be granted, and that defendant Metro should further designate a witness or witnesses to testify pursuant to Rule 30(b)(6) on the following topics:

1. The criteria upon which competing vendor proposals for personnel management consultant were evaluated by Metro and the reasons that CWH Research was chosen by Metro.

2. The existence of any formal complaints that MNPD promotions underrepresented minorities in the 2005-06 time period,

4

not to include informal complaints such as griping in the squadroom.

     3. Evidence of any statement or decision by or on behalf of Metro in 2005 or 2006 relating to creation of a MNPD workforce that mirrored the racial makeup of the community.

     4. The reason or reasons why Metro undertook to revise its promotion policy for police sergeants and lieutenants in 2006 and, specifically, whether a desire to increase promotions of African-American and female officers was a reason.

     5. The elements of any promotions policy developed or recommended by CWH Research for Metro and, specifically, whether anonymous surveys were included in such policy.

     Defendant Metro shall designate a witness ro witnesses to testify based upon information known or reasonably available to Metro regarding the above five topics, and shall make such witness or witnesses available for deposition by plaintiffs on or before **April 30, 2009**.

     It is so **ORDERED**.

                                     s/ John S. Bryant
                                     JOHN S. BRYANT
                                     United States Magistrate Judge