IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM L. JOHNSON and JULIAN W. MOORE, | ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 3:07-0979 Judge Trauger |
| v. | ) ) | |
| THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

**CONSOLIDATED WITH**

| | | |
|---|---|---|
| KEITH M. HOLLEY, | ) ) | |
| Plaintiff, | ) ) | Civil No. 3:08-0031 Judge Trauger |
| v. | ) ) | |
| THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM and ORDER**

The Clerk has issued a Final Taxation of Costs that taxes to the plaintiffs $4,796.46, which represents the cost of two copies of four depositions and some copying expense. (Docket No. 220) The costs were awarded in favor of defendant The Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro"), the prevailing party in this case. The plaintiffs have filed a Motion For Review, requesting that the court reverse this cost award (Docket No. 221), to which defendant Metro has responded (Docket No. 223). The court

1

reviews the Clerk's taxation of costs *de novo*. *Crawford Fitting Co. v. J. T. Gibbens, Inc.*, 482 U.S. 437 (1987).

Rule 54(d)(1), FED.R.CIV.P., provides, in part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The factors to be considered in deciding whether the losing party has overcome the presumption in favor of awarding costs include: "the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Knology, Inc. v. Insight Communications Co.*, 460 F.3d 722, 726-27 (6th Cir. 2006) (internal citations omitted)

The plaintiffs make two arguments. First, they argue that Metro has not justified as necessary an extra copy of four depositions that were furnished to defendant Chief Ronal Serpas, in that Metro also had copies of these same depositions. Second, they argue that this was a close case and that the plaintiffs won a "major argument in this case in that the trial court found that the anonymous deleted surveys should have been maintained by MNPD." (Docket No. 21 at 2)

The first argument, that duplicate copies of four depositions paid for by Metro and furnished to defendant Serpas should not be taxed to the plaintiffs, is without merit. Chief Serpas had separate counsel in this case, whose expenses were paid by Metro. Because Chief Serpas was a party separate from defendant Metro, it would have violated the standard agreement that parties have with court reporters for Metro to have simply xeroxed their copies of these four depositions and furnished those copies to Chief Serpas. Therefore, additional copies of the four depositions were purchased for Chief Serpas. It is self-evident that the depositions were necessary for preparation of the case, and most of them were used in summary judgment briefing by the various parties. It would have been deficient representation for Chief Serpas's counsel not to have obtained copies of these depositions for his own use in the case. Therefore,

this objection is without merit.

With regard to the assertion that the plaintiffs won a "major argument," thus apparently making them somewhat "prevailing parties" in this case, this argument also fails. It is true that this court found that the records of the anonymous supervisor surveys should have been preserved by Metro for two years as records related to promotions. (Docket No. 207 at 32-33) However, the court further found that Chief Serpas did not delete the surveys in bad faith and, more importantly, did not rely upon the deleted information in his promotion decisions. (*Id*. at 34) The court went on to state that the plaintiffs could not show that the deleted survey evidence was relevant to their claim, as the evidence contained no record of the mental processes of the supervisors/raters and, therefore, could not have been used as evidence to prove discriminatory animus. (*Id*.) Summary judgment was granted to the defendants before trial, and the court found that the plaintiffs had not even established the first prong of their prima facie case. (*Id.* at 29) The one, isolated finding by the court upon which the plaintiffs rely hardly makes this a difficult or close case that overcomes the presumption in favor of awarding costs to the prevailing party.

The court can find no ground upon which the plaintiffs have overcome the presumption in favor of awarding costs to the prevailing party. Therefore, the Clerk's Final Taxation of Costs (Docket No. 220) is **AFFIRMED** in all respects.

It is so **ORDERED**.

ENTER this 18th day of January 2011.

                                                    ALETA A. TRAUGER
                                                    U.S. District Judge